ETANISLAO RODRÍGUEZ RIVERA, Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; and STATE INSURANCE FUND, Insurer.

No. 269. Argued November 1, 1943.—Decided December 6, 1943.

*Miguel García González* for petitioner. *M. Rodríguez Ramos, Acting Attorney General,* and *Joaquín Correa* for State Insurance Fund.

MR. ACTING CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The workman, appellant herein, suffered a labor accident while lifting with a bar an iron sheet which fell on his right foot, wounding his third and fourth toes and fracturing the tip of the second toe of said foot. On December 2, 1942, he

was discharged from the hospital by the physician of the State Insurance Fund and as from that date the manager discontinued the payment to him of the $10-weekly allowance that he was receiving. On December 10 of the same year the workman wrote to the manager and stated that he was not in a fit condition to resume work and asked to be heard again so that proper steps be taken for his treatment and cure. The manager refused to reconsider the case and confirmed his decision whereby he granted the workman a 10-percent disability of the physiological functions of the second toe of the right foot and ordered the total payment to him once for all of an additional compensation equivalent to one half the wages he was receiving on the day of the accident, for a period of one week and a half, that is, $14.80.

On April 13, 1943, the Industrial Commission reversed the decision of the manager and rendered another instead to the effect that the workman was entitled to an additional treatment of physiotherapy and a period of rest not greater than two weeks and to the payment of allowances during such period. On May 10, 1943, the commission, pursuant to the reports of its medical advisers and of the Fund, ruled that the workman be discharged with the acknowledgment in his favor of a 10-percent disability of the physiological functions of the second toe of his right foot. On May 19, 1943, the workman moved for the reconsideration thereof and for an order of payment to him of the allowances for the time elapsed between December 3, 1942, and April 19, 1943, plus that corresponding to the two weeks of additional treatment. The commission denied the reconsideration on the ground that "the bunions and the mycotic infection from which the workman is suffering are responsible for the condition of disability of the workman for working and as this condition existed when he was discharged as being fit for work, if he failed to work during the period between December, 1942, and April, 1943, it is logical to conclude, and we so hold,

that it can not be alleged that he was disabled as a result of his injury.''

In support of the appeal before us, the appellant alleges:

(A) That the commission erred in concluding that the disability of the workman prior to his final discharge was not related to the accident sustained.

(B) That the commission committed an error of law in refusing to pay the workman the allowances from December 2, 1942, when he was discharged from the hospital for the first time, until April 19, 1943, when he was granted a two-week additional treatment, ''at the end of which he was finally discharged as fit to resume work in spite of the mycotic infection and the bunions.''

■■ The two questions raised by the appellant are so closely related that it becomes necessary to consider them jointly as if they were a single one.

It appears from the record before us that the injured workman was finally discharged on December 9, 1942, by Dr. J. M. Quiñones, medical inspector of the Fund; that on March 5, 1943, the workman was again examined by the above physician and by Dr. Cordero, medical adviser to the commission, who after reporting that ''the workman presents a slight edema on the back of the right foot as well as in the toes of the same foot, and I have also discovered that the workman presents bunions in both feet and a mycotic infection in the toe nails of both feet,'' gave as his opinion that the workman should be given the benefit of the doubt as to the present symptomatology being the result of the fracture sustained in the second toe of the right foot; and that upon the medical adviser of the Fund disagreeing, it was decided to hold a public hearing.

We have examined the expert evidence heard by the commission, a summary of which will follow. Dr. Quiñones, as the Fund's physician, testified that he had examined many times the injured man and made a careful study of the case

and had taken X-Ray photographs; that the fracture sustained is so small that the first X-Ray report was negative as to the fracture; that subsequent reports showed that the fracture was perfectly healed without any• displacement of splints or callous formation, or without any infection of the wounds at any time in the other toes; he concedes that the workman is incapacitated for work, but that such incapacity is due to two big bunions in both his right and left feet; that a bunion is an ailment that disables a workman; that the disability from which the workman is suffering in the present case is not the result of a slight fracture of the toe; that the workman is ailing from another grave injury to both feet, a fungus growth, and some of the toe nails have fallen off; that what the workman ought to do is to treat the bunions and not the fracture which has healed and has already been sufficiently treated; that on the day of his discharge the workman would have been fit for work, had it not been for the condition of his bunions; that the fracture sustained could in no way aggravate the condition of the bunions from which the workman was suffering, nor could it be the cause of this present condition; and that the pains of which the workman complains are not the result of the fracture but of the other conditions of his feet.

Dr. Cordero, medical adviser of the commission, took the stand. He described conditions similar to those observed by the physician of the Fund in the feet of the workman and stated, besides, that he had noticed a slight edema in the right foot which did not show in the left foot although both feet presented the bunions and the fungus growth. He asserted that there are three causes that may produce such kind of edema and conceded that bunions might be the cause of the edema and also of the pains in the workman's right foot, as claimed by him, and that the mycotic infection might also be the cause of the pain and of the edema. He further stated, "that it is almost unbelievable that such slight frac-

644

ture as the one sustained by the workman should disable him for work after becoming healed and that he is not in a fit condition to resume work," and lastly he stated that he did not think that his disability percentage should be increased inasmuch as the functioning of the toes is normal, although he deems it fair to the workman that he should be given the benefit of the doubt.

The conclusions reached by the commission are sustained by the expert evidence and we fail to see any reason to justify our disturbing the weighing of such evidence.

Having reached the conclusion, which we find justified, that the disability from which the appellant workman is suffering and which prevents him from resuming work is not related to the accident, the commission did not err in refusing the appellant the allowances sought.

The decision appealed from must be affirmed.